### PENNSYLVANIA STEEL CO. v. NEW YORK CITY RY. CO.

### MORTON TRUST CO. v. METROPOLITAN ST. RY. CO.

### GUARANTY TRUST CO. v. SAME.

#### (Circuit Court, S. D. New York. May 5, 1909.)

RECEIVERS (§ 108*)—SUCCESSIVE RECEIVERSHIPS REPRESENTING DIFFERENT INTERESTS—ACCOUNTING BETWEEN RECEIVERS.

    Suggestions made as to the settlement of accounts by a master between receivers appointed for the lessee of a street railroad system, and by whom it was operated for a time with the consent of the lessor and its mortgagees, and receivers subsequently appointed in foreclosure suits brought by the latter, to whom on their appointment the property was turned over, together with equipment, supplies, etc., purchased by the former receivers and remaining on hand; the accounting being in part for the purpose of determining to which estate various items of expenditure by the receivers for the lessee, such as those for equipment, repairs, and betterments, should be charged.

    [Ed. Note.—For other cases, see Receivers, Dec. Dig. § 108.*]

In Equity. Memorandum as to accounting between receivers.

Byrne & Cutcheon, for Pennsylvania Steel Co.

Dexter, Osborne & Fleming, for receiver of New York City Ry. Co.

Bronson Winthrop, for Morton Trust Co.

Masten & Nichols, for receivers of Metropolitan St. Ry. Co.

Davies, Stone & Auerbach, for Guaranty Trust Co.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LACOMBE, Circuit Judge. In the opinion filed July 16, 1908 (165 Fed. 463), in the above-named suits, it was suggested that at the proper time the receiver of the New York City Railway Company would initiate such accounting before the special master, of which all parties to any of these suits should have notice and opportunity to be heard. The trial of two of the suits and the constant presentation in one form or another of controverted questions, which can be disposed of only after the facts are presented, strongly indicates the importance of now proceeding with this inquiry. In the opinion referred to some illustrations were given indicating the method of accounting; but it may be desirable to make some further suggestions, since it is expected that on this proceeding very many of the controverted questions above referred to will be settled finally, so as to be reviewable on appeal by any one dissatisfied with their disposition.

In one sense an accounting has already been had. At stated periods the receivers have appeared before the special master and proved their receipts and disbursements. Of course, that need not be repeated. What is now to be done is to take up the various items already passed and decide which receiver should pay it; against which estate it should be charged. To illustrate: The first item may be a pay roll for operating force; the next, a coal bill; the next, supplies for ordinary repair and operating. All these would presumably be charged to the New York City receiver. The next items may be for materials and labor rebuilding a burned car barn. Perhaps the aggregate of these items has been reduced by reimbursement of the New York receiver through moneys collected by Metropolitan receivers from insurance companies. Presumably the new building has cost more than the insurance, and the balance has been paid by New York receiver out of the income he received from operating the road. As to this, no doubt, there will be a controversy, on which the master may take testimony and hear argument, and will report whether it should be charged to New York City or Metropolitan. The next item may be for new cars, and will probably present similar questions.

While the total number of items involved is large, they will probably readily classify into groups, which present closely similar questions, and which should not take long to present and dispose of.